IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 6:23-cv-00122

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

    Plaintiff,

v.

MYRTLE BEACH VIP PARTY BUS, LLC,

    Defendant.

## COMPLAINT

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff") sues defendant Myrtle Beach VIP Party Bus, LLC ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Broward County, Florida.

2. Defendant is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 9077 Reflection Pointe Dr., Suite 400, Windermere, FL 34786. Defendant's agent for service of process is Shaji John, 9077 Reflection Pointe Dr., Suite 400, Windermere, FL 34786.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

7. Through its commercial website (www.preparedfoodphotos.com), Plaintiff offers a monthly subscription service which provides access to/license of tens of thousands of professional images.

8. Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a minimum monthly fee of $999.00 for access to its library of professional photographs.

9. Plaintiff does not license individual photographs or otherwise make individual

2
COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

photographs available for purchase. Plaintiff's business model relies on its recurring monthly subscription service such that Plaintiff can continue to maintain its impressive portfolio.

10. Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, non-transferable license for us of any photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

## II.     The Work at Issue in this Lawsuit

11. In 2005, Plaintiff created a photograph titled "ChickenPiccata003" (the "<u>Work</u>"). A copy of the Work is exhibited below:



12. The Work was registered by Plaintiff with the Register of Copyrights on September 20, 2016 and was assigned Registration No. VA 2-017-741. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **<u>Exhibit "A."</u>**

13. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

**III.   Defendant's Unlawful Activities**

14.   Defendant owns an affordable luxury transportation service that caters to its customers in the Myrtle Beach area.

15.   Defendant advertises/markets its business primarily through its website (https://www.myrtlebeachpartybus.com/index.html) and other forms of advertising.

16.   On a date after Plaintiff's above-referenced copyright registration of the Work, Defendant published the Work on its website (at https://www.myrtlebeachpartybus.com/surfside_beach.html):



17.   A true and correct copy of screenshots of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

18.   Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, social media, or for any other purpose.

19.   Defendant utilized the Work for commercial use – namely, in connection with the marketing of Defendant's business.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

20. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

21. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work in March 2022. Following Plaintiff's discovery, Plaintiff (through its agents) notified Defendants in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

22. All conditions precedent to this action have been performed or have been waived.

### COUNT I – COPYRIGHT INFRINGEMENT

23. Plaintiff re-alleges and incorporates paragraphs 1 through 22 as set forth above.

24. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

25. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

26. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website.

27. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

28. By its actions, Defendant directly infringed and violated Plaintiff's exclusive

rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes and for the commercial purposes.

29. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("©2014-2022 Party Bus Myrtle Beach"), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

30. Defendant's willfulness is further demonstrated by the fact that Defendant has refused and/or failed to remove the Work from its website notwithstanding multiple

communications sent to Defendant (via Federal Express, e-mail, and telephone) notifying it of the infringement and demanding that the Work be removed from Defendant's website. See, e.g. Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *10 (S.D. Fla. Dec. 19, 2022) ("Defendant's refusal to remove Plaintiff's Work after nearly a dozen communication attempts demonstrates Defendant's willfulness."); Burch v. Nyarko, 2007 U.S. Dist. LEXIS 55345, at *3 (S.D.N.Y. July 30, 2007) ("Nyarko's conduct throughout this action - reflected in his refusal to talk to Plaintiff, to remove the photographs promptly from the website, and to respond to this suit - supported a finding of willfulness under 17 U.S.C. § 504(c)(2)."); Schwabel v. HPT Serv., LLC, No. 3:17-cv-791-J-34JBT, 2018 U.S. Dist. LEXIS 171820, at *10 n.8 (M.D. Fla. Sep. 6, 2018) ("Because Defendant failed to remove the Photograph from the subject sites after Plaintiff demanded that he do so, the undersigned recommends that the infringements were willful.").The willfulness of Defendant's infringement is further demonstrated by Defendant's inclusion on its website of a copyright notice ("Copyright © 2019. Islamorada Times. All Rights Reserved. Privacy Policy"), indicating Defendant understands the importance of copyright protection/intellectual property rights and falsely represented all content thereon as its own. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; John Perez

<u>Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.</u>, Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). As of the date of this filing, the Work is still published on Defendant's website.

31. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

32. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

33. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

34. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

35. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: January 24, 2023.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Daniel DeSouza, Esq._____
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291
    James D'Loughy, Esq.
    Florida Bar No.: 0052700
    Lauren M. Hausman, Esq.
    Florida Bar No.: 1035947